UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KERRIE M. RODRIQUEZ, Individually, as the Personal Representative of the ESTATE of SEVERIANO RODRIQUEZ, Deceased, and as the Guardian Ad Litem for SOPHIA M. RODRIQUEZ and STEVAN R. RODRIQUEZ, minor children,<br><br>Plaintiff,<br><br>vs.<br><br>THE BURLINGTON NORTHERN AND SANTE FE RAILWAY COMPANY, a Delaware Corporation,<br><br>Defendant. | NO.  CV-04-3066-LRS<br><br>FINDINGS OF FACT AND CONCLUSIONS OF LAW |

The above entitled matter having come on for trial before the Honorable Lonny R. Suko, United States District Judge, sitting without a jury in the above entitled Court on June 5 through June 8, 2006; the plaintiff appearing in person and by and through counsel, Richard R. Johnson; the defendant corporation appearing by and through its counsel, Troy Y. Nelson and Ausey H. Robnett, III; and the Court having heard and examined the evidence, both oral and documentary, presented by the parties, and rendered its oral decision on June 16, 2006, the provisions of which are incorporated herewith by reference and being otherwise duly

///

FINDINGS OF FACT & CONCLUSIONS OF LAW - 1

advised in the premises, does hereby supplement the Court's oral findings and conclusions by entering the following:

**FINDINGS OF FACT**

**I.**

Plaintiff filed a Complaint seeking money damages in the above entitled Court arising out of a pedestrian/train accident that occurred in Skamania County, Washington, on May 24, 2004, between plaintiff's decedent, Severiano V. Rodriquez and defendant Burlington Northern Sante Fe Railway Company.

**II.**

The defendant was properly served with Summons and Complaint herein. Defendant filed its Answer and Affirmative Defenses herein on November 8, 2004.

**III.**

At the time of the accident that forms the basis of this action, Severiano V. Rodriquez and Kerrie M. Rodriquez were legally married, and resided in Yakima, Washington. Sophia M. Rodriquez and Stevan R. Rodriquez, minor children, were born of that union.

**IV.**

At the time of the accident that forms the basis of this action, the defendant was a corporation organized and existing under the laws of the state of Delaware, with its principal place of business being in a state other than Washington.

**V.**

At the time of the accident that forms the basis of this action, Robert H. Hazard and Knute B. Stockman were employees of
///

the defendant corporation, and were acting within the course and scope of their employment with the defendant.

**VI.**

The pedestrian/train accident that occurred in Skamania County, Washington, on May 24, 2004, between plaintiff's decedent, Severiano V. Rodriquez and defendant's train occurred on the defendant's right-of-way approximately 160 feet, more or less, west of the west end of the trestle over the Wind River, at the Columbia River.

**VII.**

Severiano V. Rodriquez sustained fatal injuries herein as a result of being struck by defendant's train. At the time of his death, Severiano V. Rodriquez was employed in a sales management level position by the Lynch Olds Honda GMC dealership, of Yakima, Washington.

**CONCLUSIONS OF LAW**

**I.**

The Court has both subject matter and *in personum* jurisdiction and the United States District Court for the Eastern District is the proper venue. This matter, and all issues herein, are properly before this Court.

**II.**

Plaintiff's decedent, Severiano Rodriquez, was a trespasser upon the Burlington Northern Santa Fe right-of-way at the time of the accident which forms the basis for this accident.

**III.**

At the time fo the subject accident, engineer Knute Stockman and conductor Robert Hazard were acting within the course and

FINDINGS OF FACT & CONCLUSIONS OF LAW - 3

1  scope of their employment with defendant Burlington Northern Santa
2  Fe Railway Company.

**IV.**

Defendant's train crew comprised of Knute Stockman and Robert Hazard did not willfully or wantonly injure plaintiff's decedent.

**V.**

The Court finds that there was no action on the part of defendant, Knute Stockman or Robert Hazard which would rise to the level of willful or wanton misconduct.  Thus, there are no facts which lead to liability on the part of defendant for the death of plaintiff's decedent.  Therefore, plaintiff's Complaint is dismissed with prejudice.  The Clerk of the Court is hereby directed to enter judgment in favor of the defendant.

**IT IS SO ORDERED.**

DATED this 19th day of June, 2006.

*s/Lonny R. Suko*
_____
LONNY R. SUKO
UNITED STATES DISTRICT JUDGE